U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC - 4 2007

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| EDDIE JAMES JONES | : | DOCKET NO. 07-526 |
| VS. | : | JUDGE TRIMBLE |
| KERRVILLE BUS LINE, ET AL | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are two motions: (1) "Motion to dismiss" (doc. #24) filed by defendant, CUSA KBC, LLC d/b/a/ Kerrville Bus Company ("CUSA") (erroneously sued as Kerrville Bus Line and employees), and (2) a "Motion to Amend Amount of Award Sought by Plaintiff" (doc. #37). For the following reasons, the motion to dismiss will be granted and the motion to amend will be denied.

## FACTUAL STATEMENT

Plaintiff makes the following allegations in his complaint.  In about mid-March, 2006, Plaintiff, Eddie Jones,  and two companions traveled from Lake Charles, Louisiana to Texarkana, Arkansas in order for one of the companions to be reunited with her daughter and granddaughter. On their journey home, near Mansfield, Louisiana, the traveling companions' vehicle (which now included the daughter and granddaughter) overheated and was subsequently determined to be irreparable.  Choosing the most economic means, the traveling quintet opted to purchase bus tickets from Kerrville Bus Company ("Kerrville") and return to Texarkana, Arkansas.  Unfortunately, the bus was delayed, and after investigation, it was determined that the bus had bypassed Mr. Jones and

his companions.  Plaintiff alleges that he and his companions were abandoned by the Bus Company,

and that he was exposed to the elements while waiting for the bus that had already bypassed them.

Local churches provided food and shelter for the travelers as well as bus tickets to Texarkana until

Mr. Jones could make arrangements to return to Lake Charles. Mr. Jones maintains that because he

was exposed to the elements while waiting for a bus that never arrived, his health was affected.   In

his original complaint, Mr. Jones seeks an award of $1,000,000.00 for his health problems,

Kerrville's disregard for life, breach of contract, abandonment, and mental anguish suffered upon

one of his traveling companions who is now deceased.  In his motion to amend, Mr. Jones seeks an

award of $10,000,000.00.

## LAW AND ANALYSIS

Defendant maintains pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure that

this Court lacks subject matter jurisdiction because the amount in controversy does not exceed the

jurisdictional amount of $75,000.00.[1]  In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*,[2] the

United States Supreme Court provided guidance concerning motions to dismiss for want of the

jurisdictional  amount as follows:

> [T]he sums claimed by the plaintiff controls if the sum is apparently made in good
> faith.  It must appear to a legal certainty that the claim is really for less than the
> jurisdictional amount to justify dismissal . . . if, from the face of the pleadings, it is
> apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or,
> if from the proofs, the court is satisfied to a likely certainty that the plaintiff never
> was entitled to recover that amount, and that his claim was therefore colorable for the
> purpose of conferring jurisdiction, the suit will be dismissed.(footnotes omitted.)

"[I]t is well settled that 'an exaggerated or frivolous allegation of amount which is without

---

[1]  See 28 U.S.C. 1332 (a).

[2]  303 U.S. 283, 58 S.Ct. 586 (1938).

foundation will not serve to provide jurisdiction.'"[3]

Kerrville maintains that Mr. Jones' claim for one million dollars in damages is an exaggerated and frivolous claim. Because Kerrville has submitted evidence outside the pleadings, the Court will consider the motion to dismiss as motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[4]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[6] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[7] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[8] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[9] The burden requires

---

[3] *Ehrenfeld v. Webber,* 499 F.Supp. 1283, 1291 (D.Me. 1980).

[4] The parties were given 15 days to submit additional summary judgment evidence. Doc. #40.

[5] Fed. R.Civ. P. 56(c).

[6] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[7] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[8] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[9] *Anderson,* 477 U.S. at 249.

3

more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[10] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[11] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[12]

Kerrville submits the bills and/or receipts incurred by Mr. Jones which include hotel bills paid by third parties.[13] Because there was no cost to Mr. Jones, these bills would not be recoverable as damages. Kerrville asserts that because third parties also paid for Mr. Jones' food and bus tickets, there could be no claim for damages for those amounts. The Court agrees. Mr. Jones could not have suffered any economic damages since he did not pay for the hotel, food and/or bus tickets. Mr. Jones alleges that he paid for some over-the-counter medication during his overnight stay in Mansfield. Even though the petition does not allege the cost of the medication(s), obviously, these costs would be nominal. Mr. Jones alleges that his health condition was aggravated by being away from his prescription medication for the few days he was away from home,[14] and also by being exposed to the elements while he waited for the bus. Mr. Jones has submitted medical bills totaling $4,967.55.

---

[10] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[11] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[12] *Anderson,* 477 U.S. at 249-50.

[13] The Desoto Parish Police Jury, Christ Memorial Church and First United Methodist Church.

[14] Kerrville also correctly notes that even if the bus had arrived to transport Mr. Jones to Lake Charles, he still would have been without his medicine that he left at home.

4

Mr. Jones does not allege how these medical bills are related to the allegations in his complaint. The Court notes that all of the bills were incurred well after the mid-March episode, the first bill having occurred in July, 2006. Mr. Jones has presented no evidence to even suggest that these bills are related to any type of injury of illness Mr. Jones may have incurred as a result of being exposed to the elements as he waiting for the arrival of the bus.

Mr. Jones claims he suffered mental anguish because the bus failed to pick him up. Kerrville provides evidence through hotel receipts that Mr. Jones was "exposed to the elements" or waited for the bus for no more than a few hours.[15] Damages for mental anguish are recoverable only in tort actions, but not for breach of contract cases.[16] Louisiana jurisprudence holds that if the defendants' conduct is merely negligent and causes only mental disturbance, without accompanying physical injury, illness or other physical consequences, the defendant is not liable for such emotional disturbance.[17] Mr. Jones does not allege that he was in fear for his life or had any safety concerns during his wait for the bus. Recovery for mental anguish damages are limited to "cases involving the 'especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious.'"[18] After considering the evidence submitted, the Court cannot conclude that Mr. Jones' has a mental anguish claim, nor can we conclude that even if the mental anguish claim was properly alleged and established, that it could

---

[15] The hotel receipt reveals that Mr. Jones and his traveling companions checked in at the hotel at approximately 8:09 p.m.

[16] *Franklin v. Able Moving & Storage Co.*, 439 So.2d 489 (La.App. 1 Cir. 1983).

[17] *Moresi v. State, Department of Wildlife and Fisheries*, 567 So.2d 1081, 1095 (La. 1990).

[18] *Powell v. Brookshire's Grocery Co., Inc.*, 705 So.2d 28 (La.App. 2 Cir. 1997).

5

even remotely be worth $70,000.0.[19]

Because the motion to dismiss will be considered by the Court as a motion for summary judgment, the Court ordered the parties to submit any additional summary evidence to support the factual allegations in the Complaint.  Mr. Jones submitted a "Payment Reconciliation Summary" from the Jennings Guest House which reveals thirteen months of charges totaling $44,719.58. However, none of the summary judgment evidence submitted by Mr. Jones offers this Court any facts to connect the Payment Reconciliation Summary to the allegations made in Mr. Jones' original complaint.  In other words, Mr. Jones has not alleged or submitted summary judgment evidence to support an inference that the nursing home bills are the result of his one day delay in travel. Accordingly, the Court concludes that  Mr. Jones has failed to submit evidence of damages that meets the requisite $75,000.00 jurisdictional amount.

In his motion to amend, Mr. Jones seeks to increase his claim for damages to $10,000,000.00. Mr. Jones alleges that the increase in damages is due to him currently residing in a nursing home and being an out-patient for heart monitoring.[20]  Mr. Jones also alleges that he is on multiple medications and has undergone a Cardiac Interrupted Device implant.  Plaintiff asserts that his medical condition was caused by the bus terminal and the driver.  What is noticeably lacking in his motion to amend, is how the one day bus delay caused Mr. Jones to suffer these particular ailments and/or injuries. Granting "leave to amend is not automatic . . . [but] is in the sound discretion of the trial court."[21]

---

[19]  Given that the jurisdictional amount is $75,000.00 and with the Court assuming that Mr. Jones' medical claims of slightly less than $5,000.00 are valid claims, Mr. Jones would have to show that his mental anguish claim was at least $70,000.00.

[20]  Plaintiffs' Motion to Amend Amount of Award sought by Plaintiff, p. 1.

[21]  *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.* 933 F.2d 314 (5th Cir. 1991).

6

Mr. Jones' motion to amend only serves to increase the dollar amount sought. However, Mr. Jones has failed to allege any new facts that would support the substantial increase in damages claim (from $1,000,000.00 to $10,000,000.00).  Accordingly, the Court will not grant the motion to amend.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted dismissing this action because of lack of jurisdiction; the motion to amend will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of December, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE